■ In the Matter of the Claim of BERNARD GOLOTY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 1968, which determined that claimant voluntarily left his employment without good cause, was ineligible to receive benefits effective May 20 through May 26, 1968, and that he made a willful misrepresentation to obtain benefits for which a forfeiture of four effective days was imposed. On May 13, 1968 the claimant was laid off by his employer, a manufacturer of air conditioning equipment, by reason of the discontinuance of the night shift. Claimant was recalled and told on May 17, 1968 to report for work on May 20, 1968, but he did not report on that date, and called the employer to say that he had sprained his ankle and would not be able to work until May 27, 1968. He commenced to work in the paint shop on May 27, and on May 28 he telephoned to say that he could not work in the paint shop because of an allergy, and was told to come in the next day so he could be assigned to other work. He failed to come in on May 29 and was discharged for unauthorized absence. For the week commencing May 20, 1968 claimant marked his insurance identification book with the letter " N " for all days other than May 23 which he marked with an " O ". If he was unable to work because of illness, the book should have been marked with the letter " O " for the entire week. The record contains conflicting testimony as to the exact date when claimant injured his ankle, although he testified that he sprained his ankle late in the afternoon and then changed his testimony to late at night on May 23. The board determined that the claimant provoked his discharge by failing to report to the Personnel Director as directed, and that his failure to mark his booklet with the letter " O " for the remaining days of the week of May 20, 1968 constituted willful misrepresentation to obtain benefits. The issues raised by claimant on this appeal are purely factual. These issues including questions of credibility were for determination by the board and, there being substantial evidence in the record to support its determination, there is no basis upon which we could interfere with its decision. (*Matter of Seldin* [*Catherwood*], 31 A D 2d 575; *Matter of Palko* [*Catherwood*], 29 A D 2d 600; *Matter of Worms* [*Catherwood*], 28 A D 2d 1188.) Decision affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by the court.